IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROGER LEE DEAL, SR.,           )
                               )
            Plaintiff,         )
                               )
      v.                       )     1:13CV552
                               )
SARGENT O'NEILL, et al.,       )
                               )
            Defendant(s).      )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. However, pursuant to the Prison Litigation Reform Act, Plaintiff may no longer proceed *in forma pauperis* in this Court unless he is under imminent danger of serious physical injury. The Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff is a frequent pro se litigator in federal courts in North Carolina who has had at least four previous suits dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted. See Deal v. FNU Cole, No. 3:13-cv-158-RJC, 2013 WL

1190635, at *1 (WDNC March 22, 2013) (unpublished) (citing prior cases and finding Plaintiff to be barred from proceeding *in forma pauperis*).[1]

Here, Plaintiff names several correctional officers and the North Carolina Department of Correction as Defendants. He alleges the officers handcuffed him too tightly, picked him up and slammed him on concrete, and placed him in segregation. (Complaint [Doc. #1], § IV.) These allegations are not sufficient to allow Plaintiff to proceed *in forma pauperis*. All of his allegations relate to past harms, not immediate future harms. Therefore, the harms described in the Complaint are not "imminent" within the meaning of § 1915(g). Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001). Plaintiff is not entitled to proceed *in forma pauperis* based on the allegations in the Complaint.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint accompanied by the applicable $400.00 filing fee. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). *In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation, but denied otherwise.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation, but denied otherwise, and that the Clerk

---

[1] That case noted that as of June 2012, Plaintiff had filed 5 civil rights actions in the Western District of North Carolina and 14 civil rights cases in the Eastern District of North Carolina. He has since filed 9 civil rights cases that are now pending in this Court.

is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, and accompanied by the $400.00 filing fee.

This, the 12th day of November, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge