IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROGER LEE DEAL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-CV-552 |
| | ) | |
| SARGENT O'NEILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on a letter filed by plaintiff Roger Lee Deal, in which he seeks an injunction and an investigation of the prison where he is being held in custody. (Doc. 28.) The Court previously entered judgment against Mr. Deal, (Doc. 25), and denied his motion to amend. (Doc. 27.) There is no pending case.

Mr. Deal is a serial letter-writer and filer of lawsuits. *See, e.g.*, *Deal v. Cole*, No. 3:13-cv-158-RJC, 2013 WL 1190635, at *1 (W.D.N.C. Mar. 22, 2013) (citing prior cases and barring Plaintiff from proceeding in forma pauperis); *see also Deal v. O'Neill*, No. 1:14-cv-356; *Deal v. Union Supply*, No. 1:14-cv-52; *Deal v. Cape Fear Valley Hospital*, No. 1:14-cv-65; *Deal v. Med. Staff*, No. 1:13-cv-1122; *Deal v. Butler*, No. 1:13-cv-1055; *Deal v. Billy*, No. 1:13-cv-1035; *Deal v. O'Neill*, No. 1:13-cv-1034; *Deal v. Chung*, No. 1:13-cv-1033; *Deal v. Scotland Med. Staff*, No. 1:13-cv-1032; *Deal v. Serreal*, No. 1:13-cv-1016; *Deal v. Scotland Corr. Inst.*, No. 1:13-cv-999; *Deal v. Butler*, No. 1:13-cv-996; *Deal v. Cumberland Cnty. Jail*, No. 1:13-cv-758; *Deal v. Scotland Corr. Inst.*, No. 1:13-cv-735; *Deal v. Med. Staff*, No.1:13-cv-704; *Deal v. Scotland Med. Dep't*, No. 1:13-cv-602; *Deal v. O'Neill*, No. 1:13-cv-552; *Deal v. N.C. Dep't of*

*Corr.*, No. 1:13-cv-512; *Deal v. Chung*, No. 1:13-cv-480. Virtually all have been dismissed pursuant to 28 U.S.C. § 1915(g).[1]

The Magistrate Judge in this district has patiently entered many orders explaining to Mr. Deal the defects in his paper writings. Mr. Deal persists in filing frivolous motions, complaints, and other paper writings which require scarce court resources to resolve.

Courts have the inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) (holding that federal courts have "the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions"). An appropriate sanction may constitute "outright dismissal of a lawsuit, . . . an assessment of attorney's fees," *Chambers*, 501 U.S. at 45, or varied lesser penalties. *See Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 811 (3d Cir. 1992) (discussing sanctions in the context of Federal Rule of Civil Procedure 11). The All Writs Act, 28 U.S.C. § 1651(a), also authorizes district courts to restrict access to federal courts by "vexatious and repetitive litigants." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *see also Armstrong v. Koury Corp.*, 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998).

The Court has considered appropriate sanctions, including a pre-filing injunction limiting Mr. Deal's access to the federal courts, sometimes colloquially called a "gatekeeper" order.[2] However, such an order is a "drastic remedy" that "must be used sparingly." *Cromer*, 390 F.3d at 817.

---

[1] *Deal v. Chung*, No. 1:13-cv-1033, and *Deal v. O'Neill*, No. 14-cv-356, are pending at the moment.

[2] *See, e.g.*, *Taylor-Todd v. Shapiro*, No. 1:13-cv-00078-MR-DLH, 2013 WL 1562496, at *3 (W.D.N.C. Apr. 12, 2013); *Dalenko v. Peden Gen. Contractors, Inc.*, 197 N.C. App. 115, 126 n.3, 676 S.E.2d 625, 633 n.3 (2009).

Even though a pre-filing injunction may be appropriate under the present circumstances, viewed in light of the factors set forth by the Fourth Circuit in *Cromer*, 390 F.3d at 818, the Court in its discretion will instead enter a written warning against filing further frivolous, vexatious, and repetitive pleadings and briefs. Should Mr. Deal initiate further vexatious litigation, send letters requesting court action or investigation, or file further frivolous pleadings or briefs, a pre-filing injunction, monetary sanctions, other sanction, or some combination of sanctions will likely be appropriate, depending on the circumstances.

It is **ORDERED** that the motion for an injunction, (Doc. 28), is **DENIED**. The plaintiff Roger Lee Deal is hereby **WARNED** that any further frivolous filings, including letters, in this Court may result in the imposition of a pre-filing review system, an injunction prohibiting the filing of further pleadings without the prior permission of the Court, or other appropriate sanctions, including monetary sanctions.

This the 4th day of June, 2014.

UNITED STATES DISTRICT JUDGE